UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KYLE ANDERSON,<br><br>        Plaintiff<br><br>v.<br><br>GC PUBLISHERS, LLC, CESAR<br>CAMACHO, AND JANE DOE<br>CAMACHO, A MARRIED COUPLE<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 5:16-cv-00003

## MEMORANDUM OPINION

Before this Court is defendants' motion to dismiss.  Plaintiff alleges he entered into an agreement with defendants due to defendants' fraudulent representations outside of the agreement itself.  Defendants argue that the agreement contained language wherein the parties disclaimed representations made outside the agreement.  Due to this disclaimer, defendants argue that plaintiff has failed to state a claim upon which relief can be granted.  Defendants further argue that Jane Doe Camacho, spouse of Cesar Camacho, is not properly a party to this lawsuit.  For the reasons stated herein, the Court granted defendants' motion to dismiss in a separate order issued on October 12, 2016.

### I.    BACKGROUND

Plaintiff and defendant entered into an agreement for plaintiff to become an exclusive distributer of bracelets that stored an individual's medical information.  Plaintiff later alleged that defendants misrepresented certain sales figures before the parties entered into the agreement and

1

that due to those misrepresentations the agreement should be canceled and his money returned.

Comp., ECF No. 1-2.

The agreement contains two clauses that are, for the purposes of this motion, dispositive.

The first is a clause that reads:

> EXCEPT FOR THE EXPRESS WARRANTY SET FORTH IN THIS AGREEMENT, EACH PARTY EXPRESSLY DISCLAIMS ALL REPRESENTATIONS, WARRANTIES AND CONDITIONS OF ANY KIND, EXPRESS OR IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY, MERCHANTABLE QUALITY, DURABILITY, FITNESS FOR A PARTICULAR PURPOSE AND ANY IMPLIED WARRANTY ARISING FROM COURSE OF PERFORMANCE OR COURSE OF DEALING.

Exclusive Distributorship Agreement F(5), Exhibit A, ECF No. 20 (emphasis in original).

The second is a clause that reads, in pertinent part:

> This agreement cancels and supersedes all prior negotiations and understandings relating to the Product and contains all of the terms, covenants, conditions, representations and warranties of the parties hereto in the premises, and can only be revised or amended by agreement in writing signed by both parties.

Exclusive Distributorship Agreement I(2).

At issue is whether these clauses mean the representations were disclaimed, and thus that there is no claim against defendants.

## II.    **LEGAL STANDARDS**

Texas law and Fifth Circuit precedent address this precise issue. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.* explains Texas law regarding disclaiming reliance on prior representations. 341 S.W.3d 323 (Tex. 2011). There, the Texas Supreme Court held that a standard merger clause was insufficient to disclaim reliance on prior representations and that to disclaim reliance, "parties must use clear and unequivocal language." *Id.* at 336.

The Court went on to compare the specific language where it had held that parties had disclaimed reliance on representations, i.e. had used clear and unequivocal language, to the case before them where they found no such language.

In *Forest Oil*, they found the following language to be a sufficient disclaimer:

> [E]ach of us . . . expressly warrants and represents . . . that no promise or agreement which is not herein expressed has been made to him or her in executing this release, and that none of us is relying upon any statement or representation of any agent of the parties being released hereby. Each of us is relying on his or her own judgment.

*Id.* (quoting *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 57 (Tex. 2008)).

In *Schlumberger*, they likewise found the following language to be a sufficient disclaimer:

> [We] expressly represent and warrant . . . that no promise or agreement which is not herein expressed has been made to them in executing the releases contained in this Agreement, and that they are not relying upon any statement or representation of any of the parties being released hereby. [We] are relying upon [our] own judgment.

*Id.* (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 180 (Tex. 1997)).

In *Italian Cowboy* itself, the Supreme Court of Texas found that the following language was intended as "generic merger language," *id.* at 337, and did not serve to disclaim reliance:

> Tenant acknowledges that neither Landlord nor Landlord's agents, employees or contractors have made any representations or promises . . . except as expressly set forth herein.

*Id.* at 336.  In doing so, they noted that nothing in the language specifically suggested the parties intended to disclaim reliance.  *Id.*  For example, the term "rely" does not appear and there is no reference to using one's own judgment.  *Id.*

In the event of clear and unequivocal language, Texas precedent lays out courts must examine the totality of the circumstances in determining if the language is binding.  *Id.* at 337 n. 8

("Were this a clear and unequivocal disclaimer-of-reliance clause, our analysis would then proceed to the 'circumstances surrounding [the contract's] formation.'" (quoting *Schlumberger*, 959 S.W.2d at 179)).

> In *Forest Oil* and *Schlumberger* this included an analysis of the following factors:
>
> (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute;
> (2) the complaining party was represented by counsel;
> (3) the parties dealt with each other in an arm's length transaction;
> (4) the parties were knowledgeable in business matters

*Forest Oil*, 268 S.W.3d at 60.  That is all to say, "[u]nder Texas law, a statement disclaiming reliance is sufficient to waive fraud-based claims." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 178 (5th Cir. 2016).

## III.   DISCUSSION

In this case there are two clauses that may be understood as disclaiming representations, both quoted above.  That there are two is consequential.  While *Italian Cowboy* warns that standard merger agreements are insufficient to disclaim reliance on representations, the presence of multiple disclaimers indicates that at least one is not a "generic merger" clause. *See Italian Cowboy*, 341 S.W.3d at 333, 337.

Section I(2), which reads "[t]his agreement cancels and supersedes all prior negotiations and understandings relating to the Product and contains all of the terms, covenants, conditions, representations and warranties of the parties hereto in the premises, and can only be revised or amended by agreement in writing signed by both parties" is insufficient under Texas precedent as it appears to be a standard merger clause. *Id.*  The same paragraph contains choice of law and

venue clauses.  The most natural reading of I(2) would thus be that the parties were including a merger clause and agreeing on a framework for any future litigation.

This leaves section F(5) of the agreement, however.[1]  The Court finds it improper to read this section as having the same purpose and effect as section I(2).  *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) ("[H]armonize and give effect to all the provisions of the contract so that none will be rendered meaningless.").  To find that F(5) is a standard merger clause as in *Italian Cowboy* would thus run counter to *J.M. Davidson* as one of the two clauses would be unnecessary.  Moreover, it seems improbable a standard merger clause would be written in all capital letters under the section "Warranty Disclaimer" when the merger language in I(2) exists in the same contract under "Miscellaneous."

Clause F(5) states that the parties "expressly disclaim[ ] all representations, warranties and conditions of any kind."  However, it does not contain the same language found in *Forest Oil* or *Schlumberger*, namely that the parties disclaim *reliance*.  *Forest Oil*, 268 S.W.3d at 57; *Schlumberger*, 959 S.W.2d at 180.  Thus, though the two clauses in question ought be read to avoid rendering one meaningless, section F(5) requires analysis to determine if its language is nonetheless a clear and unequivocal disclaimer.

As in *Forest Oil* and *Schlumberger*, the parties *expressly* agreed to the disclaimer.  Here, plaintiff "*expressly* disclaimed all representations . . . of any kind" (emphasis added).  Plaintiff argues that the section "does not disclaim reliance on representations" but only "disclaims the fact

---

[1] The clause is repeated here for reference: "EXCEPT FOR THE EXPRESS WARRANTY SET FORTH IN THIS AGREEMENT, EACH PARTY EXPRESSLY DISCLAIMS ALL REPRESENTATIONS, WARRANTIES AND CONDITIONS OF ANY KIND, EXPRESS OR IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY, MERCHANTABLE QUALITY, DURABILITY, FITNESS FOR A PARTICULAR PURPOSE AND ANY IMPLIED WARRANTY ARISING FROM COURSE OF PERFORMANCE OR COURSE OF DEALING."  Exclusive Distributorship Agreement F(5) (emphasis in original).

that no other representations were made." Resp. Def.'s Mot. Dismiss ¶ 24, ECF No. 23.  It is not clear why disclaiming representations "of any kind" is as narrow as plaintiff suggests.  To the contrary, the existence of a separate disclaimer clause with language as broad as that contained in F(5) and written in all capital letters, expresses that the parties were making a very broad disclaimer.  Given the necessity to read F(5) in a way to avoid redundancy, the express disclaimer, the broad language, and the emphasis in the original text, the Court finds section F(5) was a clear and unequivocal disclaimer and turns to the factors articulated in *Forest Oil*.  268 S.W.3d at 60.

Defendant claims that plaintiff was represented by counsel, Affidavit of Cesar Camacho ¶ 6, Exhibit B, ECF No. 20, that the terms were specifically negotiated and not boilerplate language, *id.* at ¶ 7, that the agreement was an arm's length transaction, *id.*, and that the plaintiff represented he "had been in the medical sales industry for years," *id.* at ¶ 8.  Plaintiff does not appear to challenge this, only arguing that defendants "put the cart before the horse." Resp. Def.'s Mot. Dismiss ¶ 26.  Given that plaintiff did not challenge these representations, the Court accepts them as undisputed.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  In light of the undisputed facts, the Court finds that plaintiff disclaimed reliance on representations in section F(5) as per *Forest Oil*.  268 S.W.3d at 60.

IV.   **CONCLUSION**

As the agreement between the parties disclaimed the representations in dispute, the case must be dismissed.  Given that, the Court does not reach the issue of if Jane Doe Camacho is a proper defendant in this case.  The order granting the motion to dismiss was filed October 12, 2016.

Date: ___10/14/16___

Royce C. Lamberth

ROYCE C. LAMBERTH
United States District Judge

6